VIRGINIA:

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **LUIS AGUIRRE** )<br>216 South Patrick Street )<br>Alexandria, VA 22314 )<br> )<br> *Plaintiff,* [1] )<br> )<br> v. )<br> )<br>**JOE THEISMANN'S RESTAURANT** )<br><u>**Serve Registered Agent**</u> )<br>William Scott Shaw )<br>221 South Pitt Street )<br>Alexandria, VA 22314 )<br> )<br>**ARP-1800, LLC** )<br><u>**Serve Registered Agent**</u> )<br>William Scott Shaw )<br>221 South Pitt Street )<br>Alexandria, VA 22314 )<br> )<br>**ALEXANDRIA RESTAURANT PARTNERS** )<br><u>**Serve Registered Agent**</u> )<br>Rees Broome, PC )<br>1900 Gallows Rd, Suite 700 )<br>Fairfax, VA 22182 )<br> )<br>**QUARTERMEN II, L.C.C.** )<br><u>**Serve Registered Agent**</u> )<br>G. Donald Markle )<br>4010 University Dr, Suite 200 )<br>Fairfax, VA 22030 )<br> )<br>**DAVE NICHOLAS** )<br>4332 Seagrape Drive, Suite 9 )<br>Lauderdale-By-The-Sea, FL 32131 )<br> )<br>**DAVID CLAPP** )<br>5066 Staverly Ln )<br>Peachtree Corners, GA 30092 ) | Case No. _____ |

---

[1] To avoid retaliation, Plaintiff has used the address of his counsel.

| | ) |
|---|---|
| **VERNON GRANDGEORGE** | ) |
| 107 Saint Johns Blvd, | ) |
| East Palatka, FL 32131 | ) |
| | ) |
| **JOSEPH THEISMANN** | ) |
| 14919 Montresor Road | ) |
| Leesburg, VA 20176 | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## COMPLAINT FOR UNPAID OVERTIME WAGES

COMES NOW Plaintiff, Luis Aguirre ("Aguirre" or "Plaintiff"), by counsel, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and Virginia common law, and respectfully submits this Complaint in which he moves this Honorable Court for judgment against Defendants, Alexandria Restaurant Partners; Joe Theismann's Restaurant ("Theismann's"); ARP-1800, LLC; Quartermen II, LLC; Dave Nicholas; David Clapp; Vernon Grandgeorge; and Joseph Theismann (collectively "Defendants").

## INTRODUCTION

1. This action is brought by Plaintiff Luis Aguirre, who has worked for Theismann's Restaurant for 30 years as a chef, since January 1989.

2. Mr. Aguirre did not perform any duties that would qualify him for any exemption from coverage under the FLSA. Specifically, he did not hire, fire, or discipline any employee, never recommended the hire, termination, or discipline of any employee, and possessed no discretion or independent judgment with respect to any matter of significance.

3. Mr. Aguirre regularly worked more than 40 hours per week, yet Defendants did not pay him at the premium rate of one and one-half times his regular rate of pay for all his overtime hours worked.

4. Mr. Aguirre brings this action to recover damages for the Defendants' willful failure to pay overtime wages in violation of the FLSA.

## PARTIES

5. Plaintiff Aguirre is a resident of Alexandria, Virginia. He has worked for Defendants as a cook in their restaurant.

6. Defendant Dave Nicholas is an owner of Theismann's Restaurant.

7. Defendant Joe Theismann is an owner of Theismann's Restaurant.

8. Defendant Vernon Grandgeorge is an owner of Theismann's Restaurant.

9. Defendant David Clapp is an owner of Theismann's Restaurant.

10. Defendant ARP-1800, LLC has its principal place of business located in Alexandria, Virginia within the City of Alexandria. It is also a limited liability company organized under the laws of the Commonwealth of Virginia.

11. Defendant Alexandria Restaurant Partners has its principal place of business located in Alexandria, Virginia within the City of Alexandria. It is also a limited liability company organized under the laws of the Commonwealth of Virginia.

12. Defendant Theismann's Restaurant has its principal place of business located in Alexandria, Virginia within the City of Alexandria. It is also a limited liability company organized under the laws of the Commonwealth of Virginia.

13. Defendant Quartermen II, LLC has its principal place of business located in Alexandria, Virginia within the City of Alexandria. It is also a limited liability company organized under the laws of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

14. This Court has jurisdiction of Plaintiffs' claim pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1397(a).

15. Defendants maintain or, at all times material to this action, have maintained an office located at 1800 Diagonal Road, Suite A, Alexandria, Virginia from which Plaintiff was hired and from which he works, and they manage Plaintiff's employment.

16. Pursuant to 28 U.S.C. § 1391 (b)(ii), this Court is the proper venue for this as: (a) Defendants conduct substantial business activity in Alexandria, Virginia; and (b) the subject of this lawsuit is Defendant's failure to pay overtime wages to Mr. Aguirre who resides in Alexandria, Virginia.

17. All of the actions complained of occurred within this district.

18. In consideration of the foregoing, personal jurisdiction and venue are proper in this Court.

## FACTS

19. Theismann's Restaurant is located in the heart of Old Town, Alexandria, Virginia.

20. At all times relevant to this action, Defendants employed Mr. Aguirre to cook at their restaurant.

21. At all times relevant to this action, Defendants were in charge of all business and day-to-day operational decisions. Further, in this capacity, Defendants were responsible for setting or overseeing Mr. Aguirre's schedule, setting or overseeing his rate and method of pay, and keeping and maintaining all employment records for Mr. Aguirre.

22. During the time period of May 2016 through December 2018, Defendants employed Mr. Aguirre to perform job duties giving rise to this action.

23. At all times relevant to this action, Plaintiff and other employees of Defendants handled goods (namely drinks and food products) that passed in interstate commerce.

24. At all times relevant to this action, Defendant Theismann's Restaurant had gross annual revenues exceeding $500,000.

25. At all times relevant to this action, Defendants, individually, jointly and collectively as a single enterprise or integrated enterprise were Mr. Aguirre's "employer" under the FLSA §203(d). In particular, Plaintiff has been informed and believes that at various times Defendants possessed the ability to hire and fire him, supervise his schedules, determine his wages, and maintain his employment records or lack thereof, thus exercising control over his working conditions.

26. Mr. Aguirre meets the FLSA definition of an "employee" under the FLSA§203(e)(1).

27. At all times relevant to this action, Defendants qualified as an "enterprise" engaged in interstate commerce within the meaning of the FLSA §203(r).

28. Defendants were aware that Plaintiff was working overtime hours.

29. Defendants were aware that Plaintiff was working for the benefit of their business and customers.

30. Mr. Aguirre's duties consisted of food preparation.

31. Plaintiff worked full-time for Defendants from May 2016 until December 2018, for a total of 136 weeks. After such time, Plaintiff was converted to an hourly employee.

32. Plaintiff routinely worked 17 and one-half hours of overtime per week from May 2016 until December 2018 for which he did not receive any overtime premiums.

33. Because these wages constitute hours worked over forty hours in a given week, he is entitled to overtime premiums for 2,409.16 hours at a rate of one and one-half times his hourly rate. 29 U.S.C. § 207(a). In other words, Plaintiff is owed **$130,923.02.** in unpaid overtime wages.

34. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the overtime wages for all weeks in which Plaintiff worked more that forty hours.

35. Defendants failed to pay Plaintiff overtime wages with the exception of one paycheck.

36. At no time during Plaintiff's employment did Defendants keep and maintain accurate and reliable records of Plaintiff's hours worked each day or each week.

37. At all relevant times, Defendants had actual notice of their obligations under the FLSA as there was an FLSA poster prominently displayed at Theismann's Restaurant, which contained a section entitled, "Employee Rights Under the Fair Labor Standards Act."

38. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff time and one-half for all hours the Plaintiff worked in excess of forty in any one work week.

39. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff all wages he was legally due in a timely manner.

40. At no time did Plaintiff perform work duties that would make Plaintiff exempt from the Federal overtime pay requirement.

41. At no time did Defendants consider Plaintiff exempt from the Federal overtime pay requirement.

42. At all times relevant, Defendants knew or should have known, that the FLSA wage requirements as applied to Plaintiff and others similarly situated.

43. Defendants' failure to pay Plaintiff as required by the FLSA was knowing, willful, intentional, and was in bad faith.

44. Defendants knowingly violated Plaintiff's overtime compensation rights and, as a consequence, Defendants now owe Plaintiff unpaid overtime wages at time and one-half for hours he worked in excess of forty hours per week.

45. Pursuant to the FLSA, Plaintiff is entitled to recover additional liquidated damages in an equal amount to his unpaid overtime wages.

46. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs associated with the prosecution of this action.

## OTHER WAGES

47. Defendants have a company policy of paying employees for accrued vacation time.

48. Plaintiff is also owed for seven days of paid vacation time that he did not receive. The seven days of paid vacation time equal 56 hours total at a rate of $40.38, which was Mr. Aguirre's salary at that time. In other words, Mr. Aguirre is owed $2,261.28 in vacation time that he was not paid for.

## EMOTIONAL DAMAGES

49. Mr. Aguirre is disappointed at how Defendants have handled these matters to date, especially regarding the FLSA violations as he has been a valued employee for over 30 years. He takes these matters seriously, given the harm that he has suffered economically, physically, and emotionally, due to Defendants not timely paying him overdue overtime wages.

50. Mr. Aguirre would like to put this matter behind him and move on with his life, but he is a changed man.

51. The stress of struggling to take care of his family and pay his bills because he was not timely paid overtime wages has taken a toll on Mr. Aguirre's finances and physical health.

52. Defendants failure to pay proper wages to Mr. Aguirre under FLSA has also had a significant impact on Mr. Aguirre's emotional and psychological well-being.

## COUNT I

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

53. The foregoing paragraphs are included herein as though fully set forth herein.

54. While employed by Defendants from May 2016 to December 2018, Plaintiff performed overtime work for which the overtime rate was not paid in violation of the FLSA, 29 U.S.C. § 201(a)(1), (2).

55. At all relevant times, Defendants had actual notice of their obligations under the FLSA as there was an FLSA poster prominently displayed at Theismann's Restaurant, which contained a section entitled, "Employee Rights Under the Fair Labor Standards Act."

56. At no time during Plaintiff's employment did Defendants keep and maintain accurate and reliable records of Plaintiff's hours worked each day or each week.

57. Defendants deprived Plaintiff of overtime pay in all weeks in which he worked more than 40 hours per week.

58. Defendants' pay system was unilaterally imposed upon Plaintiff.

59. Defendants' failure to properly administer a scheme of compensation, including overtime compensation, violates the overtime provisions of the FLSA and the regulations promulgated thereunder.

60. Defendants' regularly involved Plaintiff in interstate commerce.

61. As a result of Defendants' willful and knowing failure to properly compensate Plaintiff, he has suffered substantial delay in receipt of wages Defendants owe him.

62. Pursuant to the FLSA, 29 U.S.C. §§ 207, 216 (b), Defendants owe Plaintiff compensation for his overdue unpaid overtime work and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

63. Plaintiff also suffered emotional damages for which he should be compensated.

## COUNT II

## RETALIATION

64. The foregoing paragraphs are included herein as though fully set forth herein.

65. Prior to Mr. Aguirre retaining legal counsel and sending a demand letter to Defendants, he was working 30 to 35 hours per week at Defendant's restaurant.

66. After his counsel informed Defendants that Mr. Aguirre was owed overtime wages via a demand letter, Defendants substantially cut Mr. Aguirre's hours in violation of the retaliation provision of the FLSA.

67. Mr. Aguirre now only works six hours per week, which causes him financial hardship.

## COUNT III

## BREACH OF CONTRACT

68. The foregoing paragraphs are included herein as though fully set forth herein.

69. Defendants have a company policy of paying employees for accrued vacation time and employees such as Mr. Aguirre work in reliance of that policy and accrued vacation time instead of taking the time off to go on vacation.

70. Had he known that Defendants did not plan to honor their company policy on accrued vacation time, he could have taken the time off to go on vacation.

71. Plaintiff is owed for seven days of paid vacation time that Defendants failed to pay him. That equates to 56 hours total at a rate of $40.38/hour. In other words, Mr. Aguirre is owed $2,261.28 in vacation time that he was not paid for.

## AD DAMNUM CLAUSE

72. The foregoing paragraphs are included herein as though fully set forth herein.

73. Plaintiff is entitled to damages as provided under the law and in FLSA, 29 U.S.C. §§ 206, 207, 216(b).

74. Plaintiff is further entitled to an award of emotional damages, reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

**NOW, WHEREFORE**, Plaintiff prays this Court to:

a. Enter judgment in his favor against Defendants;

b. Declare that Defendants' conduct is a willful violation of the Plaintiff's rights as secured by the FLSA, as amended;

c. That the Court issues a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the FLSA;

d. That the Defendants be enjoined from further violations of the FLSA;

e. Award Mr. Aguirre pecuniary and out-of-pocket expenses;

f. Award Mr. Aguirre all required FLSA wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, pre- and post-judgment interest on these damages;

g. Order Defendants to pay all reasonable attorneys' fees, court costs, and expenses incurred by Mr. Aguirre as a result of Defendants' actions and inactions, as well as pre- and post-judgment interest on these damages;

h. Award Mr. Aguirre contract damages, as well as pre- and post-judgment interest on these damages; and

i. Grant Mr. Aguirre such other and further relief as justice may require that is within the equitable powers of this Honorable Court.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: May 7, 2019

Respectfully submitted,

**Luis Aguirre**

By Counsel:

_____/s/_____
Monique A. Miles, Esq.
VSB #: 78828
Old Towne Associates, P.C.
216 South Patrick Street
Alexandria, Virginia 22314-3528
Ph: 703-519-6810
Fax: 703-549-0449
mmiles@oldtowneassociates.com

*Attorney for Plaintiff*