IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____

|  |  |  |
|---|---|---|
| LUIS AGUIRRE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-cv-556 |
| | ) | |
| JOE THEISMANN'S RESTAURANT, et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____  )

## DEFENDANT JOSEPH THEISMANN'S ANSWER

COMES NOW, the Defendant JOSEPH THEISMANN ("Mr. Theismann")[1], by and through counsel and hereby responds to Plaintiff LUIS AGUIRRE's ("Mr. Aguirre") Complaint as follows:

## INTRODUCTION

1.      Mr. Theismann is without significant information to either admit or deny the allegations and they are therefore denied.

2.      Mr. Theismann is without significant information to either admit or deny the allegations and they are therefore denied.

3.      Mr. Theismann is without significant information to either admit or deny the allegations and they are therefore denied.

4.      Mr. Theismann is without significant information to either admit or deny the allegations and they are therefore denied.

_____

[1] Undersigned counsel represents three Defendants in this matter, namely QUARTERMEN II, LCC ("Qaurtermen"), VERNON GRANDGEORGE ("Mr. Grandgeorge"), and JOSEPH THEISMANN ("Mr. Theismann").  The collective three Defendants are known herein as "Quartermen Defendants".

## PARTIES

5.      Mr. Theismann admits that Mr. Aguirre is a resident of Alexandria, Virginia.  Mr. Theismann admits that Mr. Aguirre was the executive chef at Theismann's Restaurant until at least March 5, 2018.  Mr. Theismann is without significant information to either admit or deny the remaining allegations and they are therefore denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Mr. Theismann lacks information sufficient to admit or deny the allegations in paragraph 10 of the Complaint and therefore they are denied.

11.     Mr. Theismann lacks information sufficient to admit or deny the allegations in paragraph 11 of the Complaint and therefore they are denied.

12.     Mr. Theismann lacks information sufficient to admit or deny the allegations in paragraph 12 of the Complaint and therefore they are denied.

13.     Admitted.

## JURISDICTION AND VENUE

14.     Paragraph 14 contains legal conclusions that do not require a response.  To the extent Paragraph 14 claims jurisdiction under the Fair Labor Standards Act ("FLSA"), Mr. Theismann denies that the allegations of the Complaint give rise to a claim under the FLSA.

15.     Mr. Theismann admits that Mr. Aguirre was employed by Quartermen as the executive chef at Theismann's Restaurant located at 1800 Diagonal Road, Alexandria, Virginia until March 5, 2018.  Mr. Theismann is without significant information to either admit or deny

the remaining allegations and they are therefore denied.

16.     Paragraph 16 contains legal conclusions that do not require a response.  Mr.
Theismann lacks information sufficient to admit or deny the factual allegations and therefore
they are denied.

17.     Mr. Theismann lacks information sufficient to admit or deny the allegations and
therefore they are denied.

18.     Mr. Theismann lacks information sufficient to admit or deny the allegations and
therefore they are denied.

## FACTS

19.     Admitted.

20.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann admits
that Quartermen employed Mr. Aguirre as the executive chef at Theismann's Restaurant until
March 5, 2018.  Mr. Theismann is without significant information to either admit or deny the
remaining allegations and they are therefore denied.

21.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies
that he was ever responsible for day-to-day operational decisions concerning the business
including Mr. Aguirre's employment.

22.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies
that he employed Mr. Aguirre.

23.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann lacks
information sufficient to admit or deny the allegations and therefore they are denied.

24.     Mr. Theismann lacks information sufficient to admit or deny the allegations and
therefore they are denied.

25.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

26.     Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

27.     Denied.

28.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies that he was aware that Plaintiff was working overtime hours.

29.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

30.     Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

31.     Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

32.     Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

33.     Mr. Theismann lacks information sufficient to admit or deny the allegations and therefore they are denied.

34.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

35.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

36.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

37.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

38.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

39.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

40.     Denied.

41.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

42.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

43.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

44.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

45.     Mr. Theismann denies the allegations.

46.     Mr. Theismann denies the allegations.

## OTHER WAGES

47.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

48.     Mr. Theismann denies the allegations.

## EMOTIONAL DAMAGES

49.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies

the allegations.

50.     Mr. Theismann is without information sufficient to admit or deny the allegation of Paragraph 50 and it is therefore denied.

51.     Mr. Theismann is without information sufficient to admit or deny the allegation of Paragraph 51 and it is therefore denied.

52.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies that he failed in any way to pay proper wages to Plaintiff.

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

53.     Mr. Theismann incorporates its responses to the foregoing paragraphs as though they are fully set forth herein.

54.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies that he failed in any way to pay proper wages to Plaintiff.

55.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

56.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

57.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

58.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

59.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

60.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

61.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations..

62.     Denied as to the grouping of all Defendants collectively.  Mr. Theismann denies the allegations.

63.     Denied.  The Court has already ruled that Plaintiff is not entitled to receive emotion damages under Count I.

## COUNT II

## RETALIATION

64.     Mr. Theismann incorporates his responses to the foregoing paragraphs as though they are fully set forth herein.

65.     Mr. Theismann denies the allegations.

66.     Mr. Theismann denies the allegations.

67.     Mr. Theismann denies the allegations.

## COUNT III

## BREACH OF CONTRACT

68.     Mr. Theismann incorporates his responses to the foregoing paragraphs as though they are fully set forth herein.

69.     Denied.  The Court has already dismissed Count III.

70.     Denied.  The Court has already dismissed Count III.

71.     Denied.  The Court has already dismissed Count III.

## AD DAMNUM CLAUSE

72.     Mr. Theismann incorporates his responses to the foregoing paragraphs as though they are fully set forth herein.

73.     Denied.

74.     Denied.

## PRAYER FOR RELIEF

Mr. Theismann denies that Plaintiff is entitled to any of the relief sought as to or against Mr. Theismann.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state any claim upon which relief may be granted.

2.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.   Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

4.   At all times up to March 5, 2018, Plaintiff was a FLSA overtime exempt salaried employee of Quartermen II, LLC.

5.  At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

6.  Defendant reserves the right to assert further affirmative defenses as they become evident through discovery and the litigation of this matter.

JOSEPH THEISMANN
By Counsel.

_____/s/ Stephen P. Pierce, Esquire_____
Stephen P. Pierce, Esq., VSB #84999
SUROVELL ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA  22030
Telephone:  703-251-5400

Facsimile:  703-591-9285
Email: spierce@surovellfirm.com
*Counsel for DefendantsMr. Theismann II, LLC*
*Vernon Grandgeorge, & Joseph Theismann*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2019 I will electronically file the foregoing with the Clerk of this Court using the CM/ECF system, which will then send a notification of such filing to:

Monique A. Miles, Esquire (VSB # 78828)
Old Towne Associates, P.C.
216 South Patrick Street
Alexandria, Virginia 22314
Phone: 703-519-6810
Facsimile: 703-549-0449
mmiles@oldtowneassociates.com
Counsel for Plaintiff

Michael E. Barnsback, Esquire (VSB #: 33113)
O'HAGAN MEYER, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA 22303
Phone: 703 775-8603
mbarnsback@ohaganmeyer.com
Counsel for Defendants Joe Theismann's Restaurant,
ARP-1800, LLC,
Alexandria Restaurant Partners,
David Clapp, and Dave Nicholas.


_____/s/ Stephen P. Pierce, Esquire_____
Stephen P. Pierce, Esq.